

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENNIS HIGGINBOTHAM, individually )
and on behalf of all others )
similarly situated, )
)
        Plaintiffs, )
)
    v. )    No. 04 C 4909
)
BAXTER INTERNATIONAL, INC., )
HARRY M. JANSEN KRAEMER, JR., )
BRIAN P. ANDERSON and )
JOHN GREISCH, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

This is a securities fraud putative class action which is subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 et seq. Three cases were consolidated together, lead plaintiffs were appointed, and a Consolidated Class Action Complaint ("CAC") was filed and then amended. One other case was also reassigned to the same judge, but that case (Katz v. Baxter International, Inc., No. 04 C 7096) was remanded as improvidently removed. See Higginbotham v. Baxter International, Inc., 2005 WL 1272271 *1-3 (N.D. Ill. May 25, 2005) ("Higginbotham I"). At the same time, defendants' motion to dismiss lead plaintiffs' First Amended CAC was granted

and judgment was entered dismissing lead plaintiffs' cause of action. See id. at *3-10. The allegations of the First Amended CAC were found to be deficient in that plaintiffs failed to adequately allege scienter. Since no motion for class certification had been filed before defendants moved for dismissal, class certification was denied without prejudice. See id. at *1 n.1. In ruling on the motion to dismiss, the court noted that a judgment would be entered and that, if plaintiffs desired to attempt to amend the complaint to state a viable cause of action, they would have to move within the time permitted by Fed. R. Civ. P. 59(e) and provide a proposed amended complaint. See id. at *10. One lead plaintiff, Steelworkers Pension Trust, timely moved to vacate the judgment and file a Second Amended CAC. Defendants oppose that motion.

Most of defendants' opposition is focused on whether plaintiff has adequate grounds to move for amendment after a judgment has already been entered. Defendants also present a more limited argument that the proposed complaint still fails to adequately allege scienter.

In opposing the motion to dismiss the First Amended CAC, plaintiffs made a passing reference to desiring to amend in the event it was held that the First Amended CAC failed to allege a viable cause of action. However, in such situations and, especially when there is no clear indication that the plaintiff

would be able to state a viable cause of action, this bench's general practice is to both dismiss the complaint and enter judgment. Thus, the onus is placed on the plaintiff to promptly move to amend within the time permitted by Rule 59(e) and, in the event that the plaintiff does not move to amend, the case is final without anybody needing to take further action to move for entry of a judgment. When the plaintiff does move to amend, the motion will be granted unless defendant successfully argues that the amendment would be futile because the proposed amendment also fails to state a viable cause of action. Whether to vacate a judgment and allow an amendment is a discretionary decision. See Rodriguez v. United States, 286 F.3d 972, 980 (7th Cir.), cert. denied, 537 U.S. 938 (2002); Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001). It is within this court's discretion to follow the above-outlined procedure. The judgment will be vacated and the amendment permitted as long as the Second Amended CAC states a viable claim.

Defendants contend that plaintiff still fails to adequately allege scienter. Compared to the prior complaint, the Second Amended CAC covers a narrower period of time, one defendant has been dropped, and two defendants have been added. The Second Amended CAC covers purchases of Baxter International, Inc. ("Baxter") shares that occurred between March 12, 2004 and July 21, 2004. Again, named as defendants are Baxter; Brian

Anderson, Senior Vice President and Chief Financial Officer from February 1998 until June 21, 2004; and John Greisch, Corporate Vice President and Chief Financial Officer from June 21, 2004 through the end of the class period and other positions prior to June 2004. The newly named defendants are Robert Parkinson, Chairman of the Board, Chief Executive Officer, and President from April 26, 2004 through the end of the class period; and Carlos del Salto who was Senior Vice President of Baxter Healthcare Corporation from 2003 to August 2004 and Senior Vice President of Baxter World Trade Corporation and President-Intercontinental/Asia from 1996 until 2003. Del Salto was a member of Baxter's executive management team and managed a geographic region that encompassed both Latin America and Asia.

According to the allegations of the Second Amended CAC, on July 22, 2004,[1] Baxter announced that it would be restating its financial results for 2001 through 2003 and the first quarter of 2004. The restatement, which was issued on August 6, 2004, was necessary because sales and net income for Baxter's Brazilian operations had been overstated for that time period. Brazilian operations had been recording fictitious sales to real and fictitious customers, engaging in improper rebate arrangements including kickbacks, and had been failing to provide for bad

---

[1] The proposed class period ends the day before this announcement.

debts. The recording of fictitious sales is primarily responsible for the overstatement of income. The issue as to whether a viable federal securities claim is stated is whether plaintiff has adequately alleged that any defendant had the necessary scienter regarding these practices. See Higginbotham I, 2005 WL 1272271 at *3, 7-8.

The misstatements alleged in the complaint primarily consist of representing the company's income as being accurate despite the inaccuracies in income from Brazilian operations and misrepresenting that internal controls were sufficient for accurate financial statements. Such misstatements allegedly are contained in Baxter's 2003 Form 10-K which was filed on March 12, 2004. All the individual defendants allegedly participated in the preparation of Forms 10-K and 10-Q.[2] Anderson certified the document in the manner required by the Sarbanes-Oxley Act of 2002. Anderson allegedly made further misstatements during an April 22, 2004 conference call. See Proposed 2d Am. CAC ¶¶ 75-77. However, there is no allegation as to who participated in this conference call, nor even any general allegation that the statements were made public. Therefore, these statements will not be considered because not pleaded with the specificity

---

[2]Since there is no allegation as to Parkinson's role in the company prior to April 26, 2004, the allegations are insufficient to hold him responsible for the 2003 Form 10-K issued in March 2004.

required by Fed. R. Civ. P. 9(b). On May 10, 2004, the company's 2004 first quarter Form 10-Q was issued, also containing alleged misrepresentations. Both Parkinson and Anderson signed Sarbanes-Oxley certifications of that document. A June 21, 2004 press release, announcing Anderson's departure from Baxter and his replacement by Greisch, allegedly is misleading because it fails to disclose that Anderson was fired for concealing the Brazilian fraud, insider trading, and making false statements to the investment community. It is also alleged that all defendants failed to disclose material information in that they had been aware of the misreporting of Brazilian income, but did not disclose such information prior to the July 22, 2004 announcement by Baxter.

Some of the allegations of the Second Amended CAC are based on information from five confidential witnesses who were employees of or consultants for Baxter. One confidential witness reports that Greisch was regularly informed regarding the misstatements of Brazilian operations income. According to another confidential witness, near the end of the first quarter of 2004, Brazilian employees informed Baxter management regarding the improprieties in Baxter's Brazilian operations. Plaintiff contends that near the end of the first quarter encompasses as early as March 9, 2004. Plaintiff contends it can be inferred that Anderson and del Salto were aware of the misstated income by

at least that point in time based on their personal sales of Baxter shares. Within a few days of each other in late April 2004, Anderson sold 44,902 shares for a total of $1,458,865.98 and del Salto sold 140,000 shares for a total of $4,444,890.00. It was on March 9, 2004, that Anderson had filed a notice that he intended to make such a sale. Neither Anderson nor del Salto had sold any shares in the years prior to 2004.[3] Plaintiff also points to Parkinson's statements during a July 22, 2004 conference call with analysts on the date of the first public disclosure that there would be a restatement of income. During that conference call, Parkinson revealed that "we" had become aware of the problem with Brazilian operations in "the May time frame" and had discussed it with the Board at the spring Board meeting, which was on May 4, 2004. Thus, Parkinson would have been aware of the problem prior to his May 10, 2004 certification of the 2004 first quarter Form 10-Q.

In the proposed Second Amended CAC, plaintiff has adequately alleged that Anderson, del Salto, and Greisch had knowledge of the Brazilian operations improprieties prior to the March 12, 2004 filing of the 2003 Form 10-K. Plaintiff has also adequately alleged Parkinson's knowledge prior to the May 10, 2004 filing of the 2004 first quarter Form 10-Q. Because the

---

[3]There is no allegation that del Salto provided advance notice of his sale of shares. Plaintiff alternatively contends del Salto had knowledge by no later than late April 2004.

individual defendants were all members of Baxter senior management, Baxter's knowledge is also adequately alleged.[4] Plaintiff has adequately alleged scienter as to all defendants.

Defendants also contend that Greisch and del Salto cannot be held liable because they are not alleged to have signed the Forms 10-K and 10-Q. The general allegations that they participated in the production of those documents is not sufficient to satisfy Rule 9(b). Plaintiff, however, also contends that defendants may be held liable for failing to disclose material information that was contrary to what had been publicly disseminated. Since defendants raise no argument as to the claimed failure to disclose, it will be assumed that defendants can be held liable on such a basis and that claims are therefore adequately alleged as against Greisch and del Salto.

No sufficient basis has been presented for holding that the proposed Second Amended CAC fails to state a claim. The judgment will be vacated and plaintiff will be permitted to file the Second Amended CAC. Defendants will be required to answer the Second Amended CAC. By no later than the next status hearing, plaintiff shall present its motion for class certification. The parties shall promptly meet to discuss discovery and issues regarding class certification. Prior to the

---

[4] It is also alleged that other Baxter employees who are not named as defendants, including officers of the Brazilian operations, were aware of the Brazilian operations improprieties.

next status hearing, the parties shall submit a joint proposed discovery scheduling plan.[5]

IT IS THEREFORE ORDERED that lead plaintiff's motion to vacate judgment and file an amended complaint is granted. The judgment dated May 25, 2005 and entered on May 27, 2005 is vacated. Lead plaintiff Steelworkers Pension Trust is granted leave to file its Second Amended Class Action Complaint within 7 days. Within 20 days thereafter, defendants shall answer the Second Amended Class Action Complaint. A status hearing is set for November 16, 2005 at 11:00 a.m. By November 14, 2005, the parties shall file a joint proposed discovery scheduling plan. Plaintiff shall move for class certification by no later than November 16, 2005.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 23, 2005

---

[5] If the parties cannot agree, they shall submit a single document containing a proposed plan, but noting any disagreements.