IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DENNIS HIGGINBOTHAM, individually )
and on behalf of all others )
similarly situated, )
 )
 Plaintiffs, )
 )
 v. ) No. 04 C 4909
 )
BAXTER INTERNATIONAL, INC., )
ROBERT PARKINSON, JR., )
BRIAN P. ANDERSON, JOHN GREISCH, )
and CARLOS DEL SALTO, )
 )
 Defendants. )

## MEMORANDUM OPINION AND ORDER

This is the third review of a complaint in a securities fraud putative class action which is subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 et seq. The cases were consolidated, lead plaintiffs were appointed, and a Consolidated Class Action Complaint was filed and then amended (the "ACAC"). Thereafter, defendants' motion to dismiss the ACAC was granted and judgment was entered dismissing lead plaintiffs' cause of action. See Higginbotham v. Baxter International, Inc., 2005 WL 1272271 *3-10 (N.D. Ill. May 25, 2005) ("Higginbotham I"). The allegations of the ACAC were found to be deficient in that plaintiffs failed to

adequately allege scienter. Since no motion for class certification had been filed before defendants moved for dismissal, class certification was denied without prejudice. See id. at *1 n.1. In ruling on the motion to dismiss, the court noted that a judgment would be entered and that, if plaintiffs desired to attempt to amend the complaint to state a viable cause of action, they would have to move within the time permitted by Fed. R. Civ. P. 59(e) and provide a proposed amended complaint. See id. at *10.

One lead plaintiff, Steelworkers Pension Trust, timely moved to vacate the judgment and file a Second Amended Consolidated Class Action Complaint (the "SCAC"). Defendants were provided an opportunity to oppose lead plaintiff's Rule 59(e) motion. On the arguments presented, lead plaintiff's motion was granted, see Higginbotham v. Baxter International, Inc., 2005 WL 2368795 (N.D. Ill. Sept. 23, 2005) ("Higginbotham II"), and the SCAC was filed. Defendants then moved for reconsideration which was granted in part because new defendants had been added to the case. Defendants expand on their prior arguments presented in opposition to the Rule 59(e) motion and also raise new arguments. Although these arguments could have and should have been presented when opposing the Rule 59(e) motion, a PSLRA case should not proceed if claims are

not adequately alleged. Therefore, briefs were taken on defendants' motion for reconsideration.

Defendants repeat their argument that lead plaintiff did not have a sufficient basis for vacating the judgment that had been entered. As was previously held, see Higginbotham II, 2005 WL 2368795 at *1, it was proper for this court to exercise its discretion to vacate the judgment and permit the filing of an amended complaint where it had been expressly stated when initially dismissing the case that such a procedure would be followed, see Higginbotham I, 2005 WL 1272271 at *10. Familiarity with the prior rulings and allegations of the SCAC is presumed.

In Higginbotham II, 2005 WL 2368795 at *3, it was held that lead plaintiff had adequately alleged that defendants Richard Greisch and Carlos del Salto had knowledge of the Brazilian operations improprieties prior to the March 12, 2004 filing of defendant Baxter International, Inc.'s 2003 Form 10-K, as well as prior to the May 10, 2004 filing of Baxter's 2004 first quarter Form 10-Q. However, it was also held that it had not been adequately alleged that Greisch and del Salto participated in the preparation of those documents and therefore those two defendants could not be held directly liable for the alleged false statements in those documents, which are the

alleged misstatements supporting plaintiff's Count I § 10(b) and Rule 10b-5 claims. Id. Cf. Higginbotham I, 2005 WL 1272271 at *6. The Count I claims against these two defendants, however, were not dismissed because Count I also included allegations that Greisch and del Salto were liable because they had failed to disclose material information that was contrary to the false information that had been publicly disseminated and defendants had made no argument that such allegations were insufficient to support the Count I claims. Higginbotham II, 2005 WL 2368795 at *3. Now, however, defendants argue that the failure to disclose allegations cannot support the Count I claims. This time, plaintiff makes no argument to the contrary. There is no argument from plaintiff that case law supports that a § 10(b) or Rule 10b-5 claim can be based on the failure of corporate officers to correct false information that others at the corporation have disseminated. Therefore, the Count I claims as against Greisch and del Salto will be dismissed in their entirety. As to the other defendants, the failure to disclose claims will also be dismissed.

On April 26, 2004, defendant Robert Parkinson became Baxter's Chairman of the Board, CEO, and President. It is alleged that he is responsible for false statements contained in the Form 10-Q that he signed and which was issued on May 10,

2004.  There is no allegation as to Parkinson's involvement with Baxter prior to April 26, 2004.  The SCAC, though, contains an allegation that Parkinson made a statement supporting that he was aware of the Brazilian operations improprieties in early May, before the Form 10-Q was issued.  The alleged statement, however, was part of a public interview which defendants have provided and of which this court may properly take judicial notice.  The transcript of the public interview does not support the allegation of the SCAC and lead plaintiff does not presently contend otherwise.  The inference to be drawn from this statement was central to the prior holding that the SCAC adequately alleged Parkinson's scienter.  See Higginbotham II, 2005 WL 2368795 at *3.  The Count I claim against Parkinson will be dismissed in its entirety.

In Higginbotham I, 2005 WL 1272271 at *8, it was held that the allegations as to Anderson were insufficient to infer intent.  In Higginbotham II, 2005 WL 2368795 at *3, some additional allegations contained in the SCAC were considered in light of the limited opposition defendants filed in response to lead plaintiff's Rule 59(e) motion.  Considering the allegations as to Anderson in light of the arguments now before the court, which center on his sale of stock, it is clear that the allegations as to Anderson are insufficient to infer intent.

Anderson had a limited time period in which to exercise stock options that were available to him. On March 9, 2004, Anderson filed notice that he would be selling 44,902 shares. That sale was consummated in late April. This was the first time Anderson had sold any shares. Anderson's March 9 filing was three days prior to the March 12 filing of Baxter's 2003 Form 10-K.

In ¶ 85 of the SCAC, lead plaintiff alleges that Parkinson had knowledge of the Brazilian improprieties in May 2004 and therefore it can be inferred that Anderson had knowledge at least that early. As previously discussed, there are insufficient allegations to adequately infer that Parkinson had such knowledge in early May 2004. Therefore, the additional inference as to Anderson cannot be made.

In the SCAC, the only facts regarding Anderson that go beyond what was in the ACAC are (a) the allegation that, according to a confidential witness, the Brazilian improprieties were brought to the attention of Baxter management near the end of the 2004 first quarter and (b) that Anderson had not sold any Baxter shares prior to April 2004. The conclusory nature of this first allegation prevents it from adding much weight to the allegations of Anderson's scienter. See Higginbotham I, 2005 WL 1272271 at *6. The timing of the decision to sell the stock and the issuance of the 2003 10-K is not sufficient to draw a strong

inference of scienter. The stock options had a limited time period in which to be exercised before expiration in June 2004. The stock sale does not turn otherwise weak inferences of scienter into the strong inference of scienter required under the PSLRA. The Count I claim against Anderson will be dismissed.

Because the claims against all the individual defendants are deficient, the claims against Baxter are also insufficient. See Higginbotham I, 2005 WL 1272271 at *8-9. There being no sufficient claim against Baxter, the Count II control person claims fail as well. See id. at *10. The SCAC will be dismissed in its entirety.

IT IS THEREFORE ORDERED that defendants' motion to reconsider [55] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiffs dismissing plaintiffs' cause of action with prejudice. Class certification is denied without prejudice.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 22, 2005